UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN AKERS | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:17-CV-2888-L |
| | § | |
| KIA MOTORS AMERICA, INC., | § | |
| KIA MOTORS CORPORATION, and | § | |
| JARED SOLIEIU | § | JURY |

## JOINT RULE 26(f) STATUS AND SCHEDULING REPORT

**TO THE HONORABLE COURT:**

COME NOW Plaintiff Jordan Akers, Defendants Kia Motors America, Inc. ("KMA") and Kia Motors Corporation ("KMC") (hereinafter collectively referred to as "Kia Defendants"), and Defendant Jared Solieiu by and through undersigned counsel, and pursuant to the Court's Order issued on November 6, 2017 (Doc. No. 7), do hereby respectfully file their Joint Status and Scheduling Reports.

## CONFERENCE BETWEEN COUNSEL

1. Counsel for Plaintiff, Andrew Counts, counsel for Kia Defendants, Cary Slobin, and counsel for Defendant Solieiu, Alan Moore, conferred on November 21, 2017 as ordered by this Court. The parties have prepared the following information pursuant to the Court's Order:

   a. **A brief statement of the nature of the case and the contentions of the parties**;

   This case arises out of a vehicle accident that occurred on May 30, 2017, at John Ben Sheppard Parkway and East South Loop 338 in Odessa, Texas. The subject 2007 Blue Kia Optima, driven by Brandie Morgan Black, was traveling south in the inside lane on SL 338, approaching the intersection of John Ben Shephard Parkway and SL 338. Plaintiff Jordan Akers was the right front seat passenger in the Optima. Driver Defendant Solieiu turned left from John Ben Sheppard Parkway onto SL 338 in front of the subject Optima. The Optima ran into the front left quarter of Solieiu's vehicle, causing damage to both vehicles and non-incapacitating injuries to both drivers.

**Plaintiffs' Contentions:**

Plaintiff claims that this is a product liability and negligence case. Plaintiff claims that at the time of the accident, Jordan Akers was properly seated and properly wearing the available seat belt, but that despite being properly seated and properly wearing the available seat belt, Jordan Akers sustained injuries when the vehicle failed to protect her because it violated several crashworthiness principles. Such as:

   a) The vehicle failed to provide proper restraint;
   b) The vehicle failed to prevent injurious crash forces from injuring the right front passenger;
   c) The vehicle violated principles of crashworthiness;
   d) The vehicle's driver's side airbag deployed but the passenger's did not, even though there's more deformation on the passenger side;
   e) The vehicle failed to provide equal occupant protection;
   f) The vehicle failed to prevent submarining type injuries;
   g) The vehicle's seat failed to prevent submarining type injuries;
   h) The vehicle failed to contain, an effective anti-submarining feature;
   i) The vehicle failed to contain an effective knee bolster; and
   j) The vehicle failed to contain a knee bag like other vehicles sold by Defendants since 1995.

Plaintiff further claims that the Kia Defendants were negligent in the manufacture, assembly, marketing, design, and/or testing of the vehicle in question.

Plaintiff claims that Defendant Solieiu's negligence caused the accident and Plaintiff's injuries. The claimed negligent acts include:

   a) Defendant failed to maintain control of his vehicle;
   b) Defendant failed to obey traffic laws;
   c) Defendant failed to properly steer his vehicle;
   d) Defendant failed to yield the right of way;
   e) Defendant failed to timely apply his brakes;
   f) Defendant violated Texas Transportation Code; and/or
   g) Defendant violated state traffic laws, statutes and regulations.

**Kia Defendants' Contentions:**

Defendants deny that they are liable to Plaintiff under any theory of recovery and deny that the subject vehicle was defective in any respect. Defendants assert that the negligence of Jared Solieiu, Jordan Akers, Brandie Morgan Black, and/or the negligence of others not under the control of Defendants are the sole, proximate and/or contributory cause of the accident, and

that no alleged act or omission of Defendants was a proximate or producing cause of the occurrence in question or Plaintiffs' alleged injuries and damages.

Defendants contend the subject vehicle complied with all applicable Federal Motor Vehicle Safety Standards ("FMVSS"), and that pursuant to Section 82.008 of the Texas Civil Practice and Remedies Code, they are entitled to a presumption of no defect.

**Defendant Solieiu's Contentions:**

Defendant denies that he is liable to Plaintiff under any theory of recovery. Defendant asserts that an intervening or new or independent cause is the sole, proximate and/or contributory cause of the accident, and that no alleged act or omission of Defendant was a proximate or producing cause of the occurrence in question or Plaintiffs' alleged injuries and damages.

    b.    **The status of settlement negotiations;**

No discussions have occurred but the parties expect to have discussions after initial discovery is completed.

    c.    **Possible joinder of additional parties;**

None anticipated at this time. The parties must make pleading amendments and join any other parties by May 30, 2018.

    e.    **Any anticipated challenges to jurisdiction or venue;**

There are no anticipated challenges to jurisdiction or venue.

    f.    **Motions and Time Limits for Filing;**

The parties anticipate filing a motion for an agreed protective order regarding confidential materials within the next 30 days.

    g.    **Matters Requiring Court Conference;**

There are no known matters requiring a conference with the Court at this time.

    h.    **Dondi Decision;**

All counsel for parties have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988). Counsel have also read and are familiar with the district's Civil Justice Expense and Delay Plan as amended in May 2002.

    f.    **Date by which the case will be ready for trial and estimated length of trial;**

Plaintiff and Defendants believe the case can be ready for trial by late January, 2019. Plaintiffs estimate the length of trial to be four to seven (4-7) days, and Defendants estimate the length of trial should be ten to fourteen (10-14) days. A jury demand has been timely made.

    g.    **The desirability of ADR, and the timing of ADR;**

The parties contend mediation is not appropriate at this time. If after sufficient fact and expert discovery have been completed and either party believes mediation may be productive, they will report to the Court and submit the case for mediation. In that event, the parties have agreed to Courtney Bass as mediator.

    h.    **Initial Mandatory Rule 26(a)(1) Disclosures;**

The parties have no objection to making disclosures under Rule 26(a)(1) and have agreed to make their initial disclosures on or before 90 days from day of filing.

2.    **Rule 26(f) Conference Report:**

    a.    The parties do not suggest that any changes be made in the limitations on discovery imposed under the Federal Rules or by local rule.

    b.    The parties desire discovery concerning the liability issues including discovery concerning the manufacture, design, assembly, marketing, and testing of the vehicle, the facts of any repairs or modifications of the Kia Optima, the accident, as well as discovery of the conclusions and opinions rendered by experts. Discovery concerning Plaintiffs' alleged damages is also needed. The parties do not believe discovery should be conducted in phases. The parties do not believe discovery should be limited to or focused on particular issues other than discovery shall be limited to matters relevant to the claims and defenses of the parties and information reasonably calculated to lead to the discovery of admissible evidence. Because of the complexity of these issues, the need for expert review, and Kia Motors Corporation's status

as a Korean corporation, the parties anticipate that they will need one year to conduct discovery.

c.  Defendants request the sequencing of expert disclosures with Plaintiff's deadline to make disclosures under Rule 26(a)(2) set 30 days or more before Defendants' corresponding deadline to make disclosures under Rule 26 (a)(2).

d.  There are no issues regarding discovery of electronically stored information of which the parties are aware at this time. The parties agree that any information produced by the parties in an electronic format shall be produced in a format that is readable by either Adobe Acrobat, Microsoft Excel, TIF or MS Word or another readily available software.

e.  The parties agree that issues regarding claims of privilege or protection as trial-preparation materials should be managed as provided for by the Federal Rules of Civil Procedure.

f.  The parties do not suggest any changes be made in the limitations on discovery imposed under the Federal Rules or by local rule.

h.  The parties do not consent to a trial before a magistrate judge.

Submitted this 6th day of December, 2017.

**COUNSEL FOR PLAINTIFF:**

/S/ E. TODD TRACY
E. Todd Tracy
Texas State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart D. Matthews
Texas State Bar No. 24039042
smatthews@vehiclesafetyfirm.com
Andrew G. Counts
Texas State Bar No. 24036408
accounts@vehiclesafetyfirm.com
The TRACY Firm
4701 Bengal Street
Dallas, Texas 75235
(214) 324-9000 - Phone
(972) 387-2205 – Fax

<mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark>
<mark><mark><mark><mark><mark><mark>
<mark><mark>

<mark>

**COUNSEL FOR DEFENDANTS KIA MOTORS AMERICA, INC AND KIA MOTORS CORPORATION:**

*/S/ CARY C. SLOBIN*
Kurt C. Kern
Texas State Bar No. 11334600
Kurt.kern@bowmanandbrooke.com
Cary A. Slobin
Texas State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
Tanya B. Scarbrough
Texas State Bar No. 24049268
Tanya.scarbrough@bowmanandbrooke.com
BOWMAN AND BROOKE, LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
972-616-1700 (telephone)
972-616-1701 (facsimile)


**COUNSEL FOR DEFENDANT JARED SOLIEIU:**

*/S/ ALAN MOORE*
MARK J. DYER
State Bar No. 06317500
dyer@mdjwlaw.com
ALAN MOORE
State Bar No. 14320075
amoore@mdjwlaw.com
16000 N. Dallas Parkway; Suite 800
Dallas, Texas 75248
214-420-5500
214-420-5501 (fax)


**CERTIFICATE OF SERVICE**

    This is to certify that on December 6, 2017, a true and correct copy of the above and foregoing was electronically filed using the CM/ECF system, which will send notification of this filing to all counsel of record who are registered to receive such notifications.

*/S/ CARY A. SLOBIN*